PAUL NOVAK, State Bar No. 261388
SEPEHR DAGHIGHIAN, State Bar No. 239349
**HACKLER DAGHIGHIAN MARTINO & NOVAK**
10250 Constellation Blvd. Ste. 2500
Los Angeles, California 90067
Telephone:  (310) 887-1333
Facsimile:  (310) 887-1334
E-mail:      paul@hdmnlaw.com
                 sd@hdmnlaw.com

Attorneys for Plaintiff:
**SPIRIT TEA LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SPIRIT TEA LLC, an Illinois Limited Liability Company,<br><br>        Plaintiff,<br><br>v.<br><br>UTOPIA ORIENTAL, INC., a California Corporation,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**(1)** **False Designation Of Origin/False Advertising/Unfair Competition (15 U.S.C. § 1125(a); and**<br>**(2)** **Trademark Infringement and Unfair Competition (Common Law)**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## COMPLAINT

Plaintiff Spirit Tea LLC ("Spirit Tea" or "Plaintiff") alleges as follows against defendant Utopia Oriental, Inc. ("Utopia" or "Defendant").

### NATURE OF ACTION

1.      Plaintiff brings this action for false designation of origin and unfair competition under the Lanham Act (15 U.S.C. § 1125(a)); and for common law trademark infringement under California law and unfair competition. Plaintiff seeks injunctive and monetary relief. Plaintiff further seeks, for reasons set forth more fully in its related forthcoming Motion, provisional injunctive relief in the form of a temporary restraining order and a preliminary injunction to prevent Defendant's continued violation of Plaintiff's rights while this action is pending.

### PARTIES

2.      Plaintiff is a limited liability company formed under the laws of the State of Illinois with its principal place of business located at 3431 Fullerton Avenue, Chicago, Illinois 60647.

3.      Upon information and belief, Defendant Utopia is a California corporation with its principal place of business located at 121 Homecoming, Irvine, California 92602.

### JURISDICTION AND VENUE

4.      This action arises under the Lanham Act (15 U.S.C. § 1051 et seq.) and under statutory and common law unfair competition. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise in part under the Lanham Act and further because they constitute unfair competition claims. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's common law trademark infringement and unfair competition claim, which arises under the common law of the State of California.

5.      This Court has personal jurisdiction over Defendant because Defendant is a California corporation.

6.      Venue is proper in the Central District of California under 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this District.

**FACTUAL ALLGEATIONS COMMON TO ALL COUNTS**

7.      Spirit Tea was founded in 2015 and since that time has continuously engaged in the business of selecting, marketing, and selling a variety of different types of tea. In addition to tea, Plaintiff markets and sells related products, devices, apparatus, and other items.

8.      Plaintiff markets and sells its products throughout the United States, including, but not limited to, in California and New York.

9.      Plaintiff has been using the trademark SPIRIT TEA in interstate commerce continuously, prominently, and exclusively, since at least as early as July 1, 2015, to denote the source of its goods, including tea and related products, in the United States. Attached hereto as Exhibit 1 are a series of images reflecting Plaintiff's use in commerce of the SPIRIT TEA mark even prior to July, 2015 (in March and April, 2015). Upon information and belief, Plaintiff has been so using its mark since long before Defendant began using any similar mark. During this period, Plaintiff has committed substantial resources (financial and otherwise) to developing a widely respected reputation in the tea industry. Thus, before the acts complained of in this Complaint, members of the general consumer population as well as specifically those in the tea industry, recognized the SPIRIT TEA mark as an exclusive source identifier for tea and related products as originating from, sponsored, or approved by Plaintiff.

10.      Upon information and belief, Plaintiff has the exclusive right to use the SPIRIT TEA mark in interstate commerce and Plaintiff's use has been exclusive since it first adopted the SPIRIT TEA mark, with the exception of unauthorized uses such as those by Defendant giving rise to this action.

11.     Plaintiff's SPIRIT TEA trademark is valid and subsisting and remains in full force and effect.

12.     Plaintiff has widely advertised, promoted, and marketed goods under its SPIRIT TEA mark in a wide range of advertising media, including both print and on-line media, to cultivate and build the strength and consumer recognition of its SPIRIT TEA mark. Plaintiff has achieved significant success in selling products bearing its SPIRIT TEA mark. Plaintiff has also built a valuable reputation and significant goodwill, which consumers associate with the SPIRIT TEA mark.

13.     Plaintiff has filed a U.S. Trademark Application seeking registration of the mark SPIRIT TEA (U.S. Trademark Application No. 88/253,081; the "'081 Application"). The '081 Application claims a first use in commerce date of July 1, 2015. The '081 Application remains pending.

14.     Defendant has recently begun using the mark SPIRITEA in the U.S. in connection with the marketing and sale of tea and tea-based beverages. More specifically, the marks being used by Defendant include, among others, SPIRITEA (non-specific as to stylization) and the following:



(referred to collectively as the "SPIRITEA marks").

15.     Defendant has filed a U.S. Trademark Application seeking registration of the above mark, U.S. Trademark Application No. 88/068,517 (the "'517 Application"). The '517 Application remains pending.

16.     The description of goods set forth in the '517 Application indicates "Tea-based beverages; Tea-based iced beverages; Tea." Further with regard to the goods to which the '517 Application is directed, the Application designates

- 3 -

**COMPLAINT**

International Classes 30 (Staple Foods) and 43 (Hotel and Restaurant Services).

17.     Plaintiff has initiated an opposition proceeding before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB") seeking to prevent the registration that Defendant seeks on the grounds that the use of the mark will lead to a likelihood of consumer confusion between the mark and Plaintiff's SPIRIT TEA mark when used in connection with the marketing and sale of tea and related products.

18.     Upon the filing of this Complaint, Plaintiff intends to move the TTAB to suspend said opposition proceeding pending resolution of this action.

19.     Defendant is currently using the SPIRITEA marks in advertising, offering for sale, and selling tea, tea-based beverages, and other related products, which use began after Plaintiff's adoption and use of its SPIRIT TEA mark. By way of example only, the social media posts contained in Exhibit 2 hereto reflect such unauthorized and unlawful conduct on the part of Defendant.

20.     Defendant is not authorized to use the SPIRIT TEA mark, or marks confusingly similar to said mark, in connection with its goods, nor is Defendant affiliated with Plaintiff.

21.     Defendant's use of the SPIRIT TEA mark and marks confusingly similar to such mark for tea and related products is likely to cause confusion, mistake, and deception such that members of the public, including but not limited to purchasers of tea and related products specifically, are likely to be confused as to the affiliation, connection, or relationship between Plaintiff and Defendant, and confused into believing Defendant's goods are endorsed by, sponsored by, or affiliated with Plaintiff, when they are not.

22.     Defendant's actions create a likelihood of consumer confusion.

23.     Plaintiff seeks both provisional injunctive relief as well as permanent injunctive relief to stop the irreparable harm caused by Defendant's marketing and sales of tea and related products in a manner that infringes on the SPIRIT TEA

mark. Without an injunction, Defendant will continue to offer tea and related products that infringe on the SPIRIT TEA mark.

### FIRST CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition – 15 U.S.C. § 1125(a))**

24.    Plaintiff repeats and incorporates herein by reference in their entirety each and every allegation contained in Paragraphs 1 through 23 above.

25.    Defendant's acts as alleged herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26.    Defendant's advertising, offering for sale, and sale of goods bearing the SPIRITEA marks is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, in that purchasers are likely to believe that Plaintiff authorizes or controls the advertising, offering, or sale of Defendant's goods described above, or that Defendants are associated with or authorized by Plaintiff to advertise, offer, or sell those goods.

27.    Defendant's use in commerce of the SPIRIT TEA mark or marks confusingly similar to said mark in connection with Defendant's goods constitutes a false designation of the origin and/or sponsorship of such goods, and falsely describes and represents such goods.

28.    Defendant's conduct constitutes unfair competition that has violated, and unless restrained and enjoined by this Court will continue to violate, Plaintiff's trademark rights, and has caused irreparable harm, damage, and injury to Plaintiff's goodwill and business reputation.

29.    Plaintiff has been and continues to be irreparably injured as a result of Defendant's infringement and wrongful acts, and has no adequate remedy at law. Plaintiff is, therefore, entitled to a permanent injunction against further infringing and unlawful conduct by Defendant.

30.     Defendant has profited and is profiting by such infringement and Plaintiff has been and is being damaged by such infringement. Plaintiff is, therefore, entitled to recover damages from Defendant in an amount to be proved at trial as a consequence of Defendant's infringing and unlawful activities.

## SECOND CLAIM FOR RELIEF:

### (Common Law Trademark Infringement and Unfair Competition)

31.     Plaintiff repeats and incorporates herein by reference in their entirety each and every allegation contained in Paragraphs 1 through 30 above.

32.     Defendant's actions and conduct as alleged herein are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with Plaintiff, and to the origin of Defendant's goods, and Plaintiff's apparent sponsorship or approval of Defendant's goods.

33.     Defendant's unauthorized actions and conduct as alleged herein constitute unfair competition under California common law.

34.     Defendant's unauthorized actions and conduct constitute direct infringements of Plaintiff's trademark rights in violation of California common law.

35.     Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

36.     Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury for which Plaintiff has on adequate remedy at law. Plaintiff is, therefore, entitled to a permanent injunction against further infringing conduct by Defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order and judgment against Defendant as follows:

1.　　That Defendant, its owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendant or on its behalf, be permanently enjoined and restrained from, directly or indirectly:

　　　　a.　　Selling, offering to sell, advertising, displaying, or using the SPIRIT TEA mark, any derivative thereof, including without limitation SPIRITEA, or any other mark similar thereto, alone or in combination with other words, names, styles, titles, designs, or marks in connection with the sale, advertising, marketing, and promotion of tea and related products;

　　　　b.　　Using in any way any other mark or designation so similar to the SPIRIT TEA mark as to be likely to cause confusion, mistake, and/or deception as to an affiliation, connection, sponsorship, or endorsement of Defendant and/or its products or services by or with Plaintiff;

　　　　c.　　Representing or implying that Defendant is any way sponsored by, affiliated with, endorsed by, or licensed by Plaintiff;

　　　　d.　　Using any words, names, designs, titles, or marks that create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith.

2.　　For an order requiring Defendant to deliver to Plaintiff's attorneys within thirty (30) days after entry of any injunction, to be impounded or destroyed by Plaintiff, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising, and promotional materials, products and any other written materials or items in Defendant's possession or control that bear the aforesaid infringing mark, together with all means and materials for making or reproducing the same.

- 7 -

**COMPLAINT**

3.    For an order requiring Defendant to file with the Clerk of this Court and serve Plaintiff, within thirty (30) days after entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with 1 and 2 above.

4.    For an order requiring Defendant to abandon the '517 Application.

5.    For an award of Defendant's profits and Plaintiff's damages according to proof at trial.

6.    For an order requiring Defendant to account for and pay to Plaintiff all gains, profits, and advantages derived by Defendant from the unlawful activities alleged herein and/or as a result of unjust enrichment.

7.    For an award of pre- and post-judgment interest at the highest rate allowed by law.

8.    For an award of Plaintiff's attorneys' fees, costs, and expenses, including but not limited to expert witness fees, incurred in this action.

9.    Plaintiff further seeks a temporary restraining order and preliminary injunction of the nature, and for the reasons, discussed in Plaintiff's forthcoming Motion for Temporary Restraining Order and Preliminary Injunction.

10.    For such further relief as this Court shall deem just and proper.


Dated: <u>June 18, 2019</u>

Respectfully submitted,
**HACKLER DAGHIGHIAN MARTINO & NOVAK**

<u>/s/Paul Novak</u>
PAUL NOVAK, ESQ.

Attorneys for Plaintiff: SPIRIT TEA LLC

- 8 -

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all
3   issues raised by this Complaint which are triable by jury.

4

5   Dated: June 18, 2019

Respectfully submitted,
6      **HACKLER DAGHIGHIAN MARTINO & NOVAK**

7   /s/Paul Novak
    PAUL NOVAK, ESQ.

8   Attorneys for Plaintiff: SPIRIT TEA LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

# EXHIBIT 1



 **‹** Tagged **···**

 **variablecoffee**
Woody Anne's



qihongchai

spirittea

♥ 💬 ✈ 🔖

**27 likes**

**variablecoffee** Tasting through some new new.
Excited to see my friend's new project take flight.

**riverrocktamika** Want!  ♡

MARCH 5, 2015

    

## Tagged



    
**217 likes**

**thecoffeechop** It's a @spirittea day at the pop-up. Come grab this smooth tea and check out @cheyp blog about it @camelbackflowershop.

**hiddenhousecoffee** Nice shot!

MARCH 19, 2015



# Tagged

 **fatherofcopper**
Thou Mayest Coffee Roasters



15 likes

**fatherofcopper** Lunch. #tea #SpiritTea

**treestobreathe** @spirittea

APRIL 8, 2015

Case 1:19-cv-56337-DMG-FFM Document 19 Filed 10/18/19 Page 15 of 28 Page ID #:15



     

**185 likes**

**thecoffeechop** The body on this **@spirittea** is slammin' come find me **@camelbackflowershop** till 2

**cafeticanela** I knOw this tea ! 😊 **@thecoffeechop** ♡

**joe_din** It lingers on the tongue long after the tea is drank. The 'spirit' of the tea... ♡

APRIL 28, 2015

    

# EXHIBIT 2



   

**25 likes**

**h_ytan** Really impressed with the quality of tea that's served here! This is the Tancho Black Tea with "cloud" added.
.
@spirittea #spirittea #丹顶红茶 #eastvillage #nyeats

    

10:44

  **vivianxlin** 

Mentioned you in their story

**Add This to Your Story**



Mentioned you in their story

**Add This to Your Story**

 

**vivianxlin** wants to send you a message

872 followers 290 posts

Do you want to let **vivianxlin** send you messages from now on? They'll only know you've seen their request if you choose Allow.

Decline          Allow



✈ AT&T Wi-Fi 🛜    11:25 AM    39% 🔋

# Post

 **hfe5**    •••



          

**2 likes**

**hfe5** Really happy about Spirit Tea!! I am routing for them. Such a beautiful place with so much attention to detail. #Jinxedcorner

    



‹ **Posts**

 **mari.fleur_**
New York, New York · · ·



♡  💬  ✈    · · · ● ·     🔖

**112 likes**

**mari.fleur_** i spend most of my late nights dreaming of how i could fall for you over and over again
-
yesterday was so fun :(( have a fit pic, some rlly cute candids à la @t.ffxnyc, food and my crackhead ass at the end
-

#fashion #outfits #ootd #plaid #bustier #lace #white #spirittea #vivelacrepe #forever21 #h&m @forever21 @hm

View all 32 comments

MAY 26





# Posts



  

29 likes

gr8_foodnyc 🥂

.

.

.

.

#brownsugarmilkpeachjelly @spirittea

11:12

Instagram



#spirittea
smiling77

•••



55 likes

smiling77 Spirittea! Emmm just soso 🤐🤐 #spirittea #aberdeencentre

21 HOURS AGO

 smithteamaker

•••

9:41

LTE



# Instagram




27 likes

_backlighting 💗 奶盖好喝～ #冷
#Christmas #spirittea #berry #cloudtea... more

View all 4 comments

Case 2:19-cv-05337-DMG-FFM   Document 1   Filed 06/18/19   Page 24 of 28   Page ID #:24

2:29 ⌖ 　　　　　　　　　　　　　　　　　　LTE



#spirittea
olyve_oyl • Aberdeen Centre

•••



18 likes

**olyve_oyl** Literally just got off the plane and look where my first stop is... and no it's not... more

9:05 ◀ Search



# Instagram

**2 HOURS AGO**


**#spirittea**
aaalicejyttt • Aberdeen Centre



1/3

24 likes

**aaalicejyttt** #spirittea #vancouver #vancouverdessert

View all 6 comments

14 HOURS AGO


**capitaleric**
Chicago, Illinois



2:21

# Photo



31 likes

**van.bites** The Color of Spring @spirittea's Strawberry Cloudtea. Real Strawberry tea with a cloud of cream cheese on top 🍓 ☁️ 🧀

2 HOURS AGO

Add a comment as spirittea...



13 likes

**fragilememory** ♡cute desserts after a long stressful week. Month. Year. Life... more

Case 2:19-cv-05337-DMG-FFM   Document 1   Filed 06/18/19   Page 28 of 28   Page ID #:28

4:29

## Instagram

 **#spirittea**
piquantmarketing • Spiritea

•••



**20 likes**

**piquantmarketing** I don't think consumers realize how much power they really have and how much they can use it for good. A comment on a social page, a constructive review, or a personal DM can really sway a brand to do good things.

SO! Keep talking and keeping telling companies to use less plastic, participate in fair trade, and offer vegan options! It's not companies at the forefront of